# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

FABIO JAVIER CAICEDO-GUTIERREZ,

     Petitioner,

v.                                  CASE NO: 8:08-CV-474-T-30TBM
                                           Crim. Case No: 8:04-CR-374-T-30TBM

UNITED STATES OF AMERICA,

     Respondent.

_____/

# ORDER

     THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on March 12, 2008, the Government's Response thereto (CV Dkt. #6), and the Petitioner's Reply thereto (CV Dkt. #7).  The Court has undertaken a preliminary review of the motion and documents in support and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief.

---

[1] See case number 8:04-Cr-374-T-30TBM.

## BACKGROUND

Petitioner, Fabio Javier Caicedo-Gutierrez (hereinafter referred to as "Caicedo-Gutierrez" or "Petitioner"), was indicted by a federal grand jury on September 9, 2004 and charged with: (1) conspiracy to import into the United States, from places outside thereof, five kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 952(a), 963 and 960(b)(1)(B)(ii), (2) conspiracy to manufacture and distribute five kilograms or more of cocaine, knowing and intending that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959, 963, and 960(b)(1)(B)(ii), and (3) conspiracy to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code Appendix, Sections 1903(a),(g), and (j) and 960(b)(1)(B)(ii).[2]

On March 16, 2006, Petitioner pled guilty to Count One of the Indictment pursuant to his plea agreement and this Court dismissed the remaining counts at sentencing.[3]  At the plea hearing, Magistrate Judge McCoun advised Caicedo-Gutierrez of the charge to which he was pleading guilty (CR Dkt. #214 at 12-13), the penalties he was facing–including a statutory minimum of ten years imprisonment (id. at 13), the rights he was waiving (id. at 15-17, 25-27), and the essential elements of the offense (id at 15-16, 39-40).  Throughout the hearing Petitioner stated that he understood the charges and penalties (id. at 14), the

---

[2] See CR Dkt. #1 at 2-5.

[3] See CR Dkt. #214 at 14; CR Dkt. # 156.

consequences of giving up his rights in order to plea (id. at 17, 27), the potential benefits the plea agreement afforded him (id at 18-21) and how this Court would fashion his sentence (id. At 21-25).  Caicedo-Gutierrez also acknowledged that someone read him the plea agreement in Spanish, he understood it, and nothing concerning the plea confused him.[4]  Petitioner also admitted that he was not promised anything outside of the plea agreement, forced, or tricked in any way to plead guilty, and he was satisfied with his lawyer.[5]  Petitioner also agreed with the factual basis set out in the plea except for the presence of weapons during the course of the conspiracy during his involvement.[6]  After pleading guilty, Caicedo-Gutierrez was sentenced to 108 months imprisonment followed by a three-year term of supervised release.[7]

Petitioner appealed his sentence to the Eleventh Circuit Court of Appeal which affirmed this Court's disposition of the case on May 30, 2007.[8]  Petitioner did not challenge the Eleventh Circuit's judgment and now brings this § 2255 motion to set aside his sentence.

## Discussion

In particular, Petitioner claims ineffective assistance of counsel due to counsel's previous representation of a trial witness; failing to obtain a sentence involving the "least time possible" based on cooperation (Ground One); and failing to obtain a sentence reflecting

---

[4]See CR Dkt. #214 at 39-40.

[5]Id. at 27-28.

[6]Id. at 28-36.

[7]See CR Dkt. #218 at 7.

[8]See CR Dkt. #298.

"minimum participation" based on his cooperation and in relation to his co-defendant's sentences (Ground Two).  Caicedo-Gutierrez also claims that his constitutional rights were violated because he never knew the terms of his plea agreement when he signed it; the government questioned him without his lawyer despite his request that his lawyer be present (Ground Three), his counsel represented another defendant, and the government failed to properly recognize his substantial assistance efforts (Ground Four).[9]

To vacate a sentence for ineffective assistance of counsel, counsel's performance must fall below an objective standard of reasonable professional assistance and the defendant must be prejudiced by the deficient performance.[10]  The burden is on the Petitioner to prove both that counsel's performance was unreasonable and that he was prejudiced.[11]  Caicedo-Gutierrez claims his counsel was constitutionally ineffective for failing to raise a challenge concerning his substantial assistance efforts, to challenge his role in the offense, and by counsel's previous representation of another defendant.[12]

Petitioner's allegations that counsel was ineffective due to his previous representation of a witness that was "testifying against" Caicedo-Gutierrez (Ground One) and representation of an adverse co-defendant (Ground Four) are factually false.[13]  Petitioner identified "Alonso

---

[9]See CV Dkt. #1.

[10]Strickland v. Washington, 466 U.S. 668, 688 (1984).

[11]Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000).

[12]See CV Dkt. #1 at 4-8.

[13]Id. at 5,9.

Mesa" as the adverse trial witness and co-defendant.[14]  Petitioner's attorney did previously represent "Alonso Mesa" in an unrelated case titled United States v. Alsonso Eduardo Mesa Morales, Criminal No. 8:04-cr-607-T-17MAP.  However, "Alonso Mesa" was not a co-defendant in Petitioner's  case and nothing in the record suggests that "Alonso Mesa" testified or would testify against Petitioner.  Thus, this claim is unsupported by the record and Petitioner has failed to state how he was prejudiced by this unfounded assertion.

As to Caicedo-Gutierrez's "substantial assistance" argument, he claims that his counsel was ineffective in failing to obtain a sentence involving the "least time possible" based on cooperation (Ground One) and that the government failed to properly recognize his substantial assistance efforts at sentencing (Ground Four).[15]

Prior resolution bars reconsideration of Petitioner's substantial assistance argument.[16] The record also contradicts these claims.  At sentencing, this Court reduced Petitioner's guideline range by two levels, at the government's request, based on his substantial assistance efforts.[17]   Additionally, this Court dismissed Counts Two and Three of the Indictment in recognition of Petitioner's plea agreement with the government.[18]  This Court also withdrew the firearm enhancement pursuant to Petitioner's request and then departed

---

[14]Id. at 5.

[15]Id. at 5,9.

[16]The Eleventh Circuit decided this issue when they rejected his appeal.  See CR Dkt. #298.

[17]See CR Dkt. #218 at 6.

[18]See CR Dkt. #156.

downward from the applicable 135-168 month range and sentenced Petitioner to 108 months imprisonment.[19]  In light of these generous reductions, Petitioner fails to prove the second prong necessary for relief under <u>Strickland</u>.

At sentencing, this Court did not address a minor or minimal role argument because counsel withdrew his motion for minor role.[20]  Caicedo-Gutierrez, however, agreed to this strategy.[21]  Counsel's failure to argue minor role was not in error, since Petitioner's involvement in the conspiracy did not constitute a minor role.  Petitioner knowingly assisted the conspiracy by performing many necessary errands associated with the success of the cocaine-smuggling operation, including performing security details, transporting drug currency, and delivering intelligence reports.[22]  Moreover, Petitioner was also heavily involved with assisting the go-fast departures by providing locations and information regarding refueling, conducting radio operations, providing security, and transporting currency, cellular phones and travel tickets.[23]  Since this Court would not have granted Petitioner a minor role reduction anyway, he has failed to meet the prejudice prong of <u>Strickland</u>.

---

[19]<u>See</u> CR Dkt. #218 at 5-7.

[20]<u>See</u> CR Dkt.# 218 at 4.

[21]<u>Id.</u>  Counsel explicitly stated that he discussed this strategy with Petitioner and they agreed to withdraw the minor role objection.

[22]<u>Id.</u> at 32.

[23]<u>Id.</u> at 32-33.

Petitioner's additional claim that he did not know the terms of his plea agreement is directly contradicted by the record.  During the plea hearing, Caicedo-Gutierrez acknowledged under oath that an interpreter had read the plea agreement to him in Spanish, that he understood the plea agreement, and that nothing about the plea agreement confused him.[24]  He will not now be heard to argue to the contrary.

Caicedo-Gutierrez's claim that he was unconstitutionally questioned without an attorney similarly provides him no relief.  Petitioner does not allege with specificity when this questioning occurred.  The Government states that the questioning occurred after Petitioner had pled guilty and with the consent of Petitioner's attorney.[25]  Regardless, this claim fails.  When a defendant is questioned without an attorney after having requested one his only remedy is the exclusion of any self-incriminating statements from the evidence used against him.[26]  Petitioner pled guilty and never went to trial, thus, these statements were not used against him and this claim does not entitle him to relief.

Petitioner submitted a reply pleading on July 22, 2008, where he raised several additional claims for relief.[27]  The Petitioner attempts to raise several additional arguments in his reply to the government's response.  For example, Petitioner argued that: (1) the District Court erred in calculating his sentencing guidelines by admitting hearsay evidence

---

[24]Id. at 39-40.

[25]See CV Dkt. #6 at 23.

[26]Chavez v. Martinez, 538 U.S. 760, 790 (2003).

[27]See CV Dkt. #7.

and denying his minor role request, (2) he received ineffective counsel because his attorney failed to argue or adequately investigate his involvement in the conspiracy, (3) his counsel failed to compel the Government to limit his responsibility in the conspiracy and consider his assistance, (4) his attorney threatened him into a plea agreement and referenced his family as an inducement to get him to cooperate, (5) his attorney failed to raise the poor conditions in Columbian prisons and the unnecessary delay in bringing him to the United States as issues at sentencing, and (6) that the Government could not prove the elements of conspiracy necessary to prove him guilty beyond a reasonable doubt.[28]

These arguments were inappropriately raised since the government has not had an opportunity to respond.  Although this Court does not need to address these issues, it is important to note that many of these allegations lack a factual predicate.  For example, Caicedo-Gutierrez explicitly acknowledged that he wasn't forced or threatened in any way to plead guilty.[29]  Petitioner also stated at the plea hearing that he had no complaints about his attorney.[30]  Additionally, Petitioner's argument that the government lacked the evidence necessary to prove the elements of conspiracy beyond a reasonable doubt is contrary to his signed plea agreement in which he stipulates to his knowing and willful activity in the conspiracy, and to his sworn admission of the facts during both the plea and sentencing

---

[28] Id.

[29] See CR Dkt. #214 at 27.

[30] Id.

hearings.[31]

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#340, in the underlying criminal case, case number 8:04-CR-374-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on August 20, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2008\08-cv-474.deny 2255.wpd

---

[31]See CV Dkt. #7 at 16, CV Dkt. #214 at 35, CV Dkt. #218 at 4.

Page 9 of  9